ORIGINAL
MEMO ENDORSED
MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK

------------------------------------------------------------X

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF CCUBS COMMERCIAL MORTGAGE TRUST 2017-C1, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-C, acting by and through its special servicer, Midland Loan Services, a Division of PNC Bank National Association, as Special Servicer under the Pooling and Servicing Agreement dated as of November 1, 2017

Plaintiff,

-against-

130 BOWERY ACQUISITION LLC, MICHAEL MARVISI; DAVID MARVISI; NEW YORK CITY DEPARTMENT OF FINANCE: NEW YORK CITY DEPARTMENT OF TRANSPORTATION; and "JOHN DOE" No. 1 THROUGH "JOHN DOE" NO. 100

Defendants.

------------------------------------------------------------X

Case No.: 1:22-cv-00878-LLS

**NOTICE OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/23

**PLEASE TAKE NOTICE**, that upon the annexed Declaration of Fred L. Seeman, Esq., dated November 1, 2023, and upon all of the prior pleadings and proceedings had herein, The Law Offices of Fred L. Seeman, including Fred L. Seeman, Esq., and Peter Kirwin, Esq., move this Court at the United States District Courthouse, 500 Pearl Street, New York, New York 10007, at a date and time to be determined by the Court, for an Order as follows:

1. Relieving the Law Offices of Fred L. Seeman, Fred L. Seeman, Esq., and Peter Kirwin Esq., as counsel of record for Defendants, Michael Marvisi and David Marvisi, pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the discretion of the Court; and

2. Staying further proceedings of this matter for thirty (30) days to afford Defendants a reasonable opportunity to retain new counsel; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 1, 2023

*Granted, and So Ordered.*

*Louis L. Stanton*

*Nov. 2, 2023*

/s/ Fred L. Seeman
The Law Offices of Fred L. Seeman
Fred L. Seeman, Esq.
*Attorneys for 130 Bowery Acquisition LLC, Michael Marvisi and David Marvisi*
32 Broadway, Suite 1214
New York, New York 10004
Tel: (212) 608-5000

UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE BENEFIT : Case No.: 1:22-cv-00878-LLS
OF THE REGISTERED HOLDERS OF CCUBS
COMMERCIAL MORTGAGE TRUST 2017-C1,
COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2017-C, acting by and
through its special servicer, Midland Loan Services,
a Division of PNC Bank National Association, as
Special Servicer under the Pooling and Servicing     :   **DECLARATION OF**
Agreement dated as of November 1, 2017              :   **FRED L. SEEMAN**

                           Plaintiff,
-against-

130 BOWERY ACQUISITION LLC, MICHAEL
MARVISI; DAVID MARVISI; NEW YORK CITY
DEPARTMENT OF FINANCE: NEW YORK CITY
DEPARTMENT OF TRANSPORTATION; and "JOHN
DOE" No. 1 THROUGH "JOHN DOE" NO. 100

                          Defendants.
---------------------------------------------------------------------X

I, **Fred L. Seeman**, hereby declare the following under penalty of perjury:

1. I am the attorney for the Defendants, 130 Bowery Acquisition LLC, Michael Marvisi and David Marvisi in the above-captioned action. As such, I am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration, pursuant to Local Civil Rule 1.4, in support of the application of The Law Offices of Fred L Seeman, including Fred L. Seeman, Esq. and Peter Kirwin Esq., to withdraw as counsel of record for Defendants, Michael Marvisi and David Marvisi (hereinafter the "Marvisi Defendants").

1

## BACKGROUND

3. On May 2, 2022, Peter Kirwin and I first appeared on behalf of the Marvisi Defendants.

4. The Law Offices of Fred L. Seeman's representation in this matter grew out of its representation of 130 Bowery Acquisition LLC (hereinafter "130 Bowery") and the Marvisi Defendants in other litigations and real estate transactions in the past several years.

5. The Marvisi Defendants are the principals of 130 Bowery.

6. In this matter and others, our firm has represented the Marvisi Defendants and advocated for their interests.

7. Following the commencement of this action, 130 Bowery filed for Chapter 11 Bankruptcy on or about August 12, 2022. *See, In re 130 Bowery Acquisition LLC*, Case No. 22-11109 (hereinafter the "Bankruptcy Proceeding").

8. Within the context of the Bankruptcy Proceeding, the Debtor, 130 Bowery, is seeking Court approval for the sale of the real property commonly known as 130 Bowery Street in Manhattan (hereinafter the "Property").

9. Our firm was retained to effectuate said sale, which will lead to the resolution of the Bankruptcy Proceeding.

10. Indeed, in connection with this retention, we negotiated and prepared the Contract of Sale, which calls for the sale of the Property for twenty-six million dollars, and which has been approved by the Bankruptcy Court.

11. The closing for the Property is now expected to occur within thirty (30) days.

12. As a result, there now exists a conflict of interest with respect to our firm's representation of 130 Bowery in the sale of the Property, and our firm's representation of the Marvisi Defendants, in their individual capacities, in this action.

13. Moreover, the Debtor's counsel has advised that the closing of the sale of the Property will not be approved by the U.S. Trustee absent our firm's withdrawal as counsel of record for the Marvisi Defendants in this action.

14. Within the last week, I have spoken and, or, corresponded with each of the Marvisi Defendants regarding this conflict that now exists by virtue of our representation of 130 Bowery in the sale of the Property.

15. Neither Michael Marvisi, nor David Marvisi, have voiced an objection to our withdrawal as their counsel.

16. Moreover, on September 20, 2023, our firm sought a pre-motion conference to address this application. *See, Dkt. No. 44.*

17. Inasmuch as there was no objection, the Court, by order dated October 26, 2023, granted our firm permission to seek to withdraw as counsel for the Marvisi Defendants. *See, Dkt. No. 45.*

18. This application followed

### APPLICATION TO WITHDRAW SHOULD BE GRANTED

19. Pursuant to Local Civil Rule 1.4:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

20. Caselaw is clear that "[i]n determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F.Supp.3d 441, 444 (S.D.N.Y. 2014).

3

21. Pursuant to Rule 1.16 of the Rules of Professional Conduct, a lawyer may withdraw as counsel where, as here, "withdrawal can be accomplished without material adverse effect on the interests of the client". *See, 22 NYCRR 1200.1.16(c)(1).*

22. It is respectfully submitted that the Marvisi Defendants will not be prejudiced by our firm's withdrawal as counsel inasmuch as each of the Marvisi Defendants will be free to retain new counsel, with undivided, unconflicted loyalties, to the extent that any claims remain following the sale of the Property and the resolution of the Bankruptcy Proceeding.

23. Our firm is not asserting a retaining or charging lien on this action inasmuch as we intend to file an application with the Bankruptcy Court for the approval of our fees.

24. No prior application has been made for the relief requested herein.

**WHEREFORE**, The Law Offices of Fred L. Seeman respectfully requests that the Court relieve The Law Offices of Fred L. Seeman, including Fred L. Seeman, Esq. and Peter Kirwin, Esq., as counsel of record for the Defendants, Michael Marvisi and David Marvisi, and stay proceedings in this matter for thirty (30) days to afford said Defendants a reasonable opportunity to obtain new counsel, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 1, 2023

/s/ *Fred L. Seeman*
Fred L. Seeman, Esq.